## DETERMINATION OF LIABILITY UNDER A BOND.

### Circuit Court of Hamilton County.

### THE CITY OF CINCINNATI V. J. H. BAUMER ET AL.

#### Decided, June 13, 1908.

*Bond—For Performance of Public Work—Default of Contractor—Methods of Ascertaining Liability of Sureties—Discretion in Re-letting Contract—Section 1536-553.*

In the absence of a showing of abuse of discretion, the sureties of a defaulting contractor for public work will not be heard to complain, because the contract was relet to the next lowest and best bidder and the loss thereby sustained was taken as the measure of their liability.

*Jonas B. Frenkel*, for the Water Works Trustees.
*City Solicitors*, for the City.
*D. F. Cash*, for the defendants.

GIFFEN, J.; SWING, P. J., and SMITH, J. concur.

The bond in suit is statutory (Sec. 1536-553 R. S.), and in determining its effect reference should be had to the statute which authorizes its execution and prescribes its objects. *Secrist et al* v. *Barbee & Royston*, 17 O. S., 426.

The damages could be easily ascertained in two ways, either by reletting the contract to the next lowest and best bidder, or by readvertising and reletting to the lowest and best bidder. The commissioners of water works in the exercise of the discretion conferred by statute relet the contract to the next lowest and best bidder at a loss of more than twice the amount of the bond, and there is nothing in the record showing any abuse of discretion, or that a readvertisement would have resulted in loss to the city.

Judgment reversed and judgment for plaintiff in error.